UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TREY A. HALL,

    Plaintiff,

v.                                      CAUSE NO. 3:22-CV-4 DRL-MGG

KOSCIUSKO COUNTY JAIL *et al.*,

    Defendants.

OPINION AND ORDER

Trey A. Hall, a prisoner without a lawyer, filed a complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Hall alleges that, on December 17, 2021, he was told by Sergeant Daniel Meza to go to the door that leads to F-block or "the hole." Instead of complying, Mr. Hall walked to his room while trying to ask Sergeant Meza and Corporal Erik Lindsey why he was being sent to the hole. The officers cornered Mr. Hall in his room. Mr. Hall says he tried to communicate with the officers, but the officers would not communicate. Sergeant Meza then grabbed Mr. Hall's right arm and put his elbow on Mr. Hall's throat. Mr. Hall claims he was then punched, choked, elbowed, and tased more times than he

can count. Mr. Hall claims that at no time during the encounter was he violent. When Mr. Hall fell to the ground, the officers grabbed him, flipped him over, and jerked him off the ground, causing yet more pain. Mr. Hall was hospitalized for his injuries.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Hall the benefit of the inferences to which he is entitled at this stage of the case, his allegations state a claim against Sergeant Daniel Meza and Corporal Erik Lindsey.

Mr. Hall has also listed the Kosciusko County Jail as a defendant. Mr. Hall cannot sue the Kosciusko County Jail because it is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Trey A. Hall leave to proceed against Sergeant Daniel Meza and Corporal Erik Lindsey in their individual capacities for compensatory and punitive damages for allegedly using excessive force against him on December 17, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Kosciusco County Jail;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Daniel Meza and Corporal Erik Lindsey at the Kosciusko County Sheriff's Department, with a copy of this order and the complaint (ECF 9);

(5) ORDERS the Kosciusko County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Daniel Meza and Corporal Erik Lindsey to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 17, 2022                                         *s/ Damon R. Leichty*
                                                      Judge, United States District Court